**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11783
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LUIS FERNANDO REYES JUAREZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:24-cr-00032-TES-CHW-1
_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Luis Fernando Reyes Juarez appeals his 240-month sentence for possession with intent to distribute cocaine. The government has moved to dismiss the appeal pursuant to the appeal waiver in

2                    Opinion of the Court                    25-11783

Reyes Juarez's plea agreement.  We will enforce a defendant's sentence appeal waiver if the waiver was knowingly and voluntarily made.  *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  And the "touchstone" for determining if a defendant's appeal waiver was knowing and voluntary is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances.  *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

Here, Reyes Juarez's plea agreement contained a waiver of the right to appeal his sentence unless the sentence exceeded either the statutory maximum sentence or the advisory Sentencing Guidelines range calculated by the district court, or the government appealed the sentence.  Reyes Juarez signed the plea agreement and initialed every page, and the district court specifically discussed the appeal waiver with him at the change-of-plea hearing. In response to the court's questioning, he confirmed his understanding that he was waiving his right to appeal any sentence imposed except under very limited circumstances.  The exceptions to the appeal waiver do not apply, so the government's motion to dismiss the appeal is GRANTED.

**APPEAL DISMISSED.**